UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DAVID FRANCO, individually and on behalf
of those individuals similarly situated,

                              Plaintiff,

            - against -

BRUNSWICK HOSPITAL CENTER, INC.

                              Defendant.

COMPLAINT

CASE NO.:

JURY TRIAL DEMANDED

Plaintiff, **DAVID FRANCO, individually and on behalf of those individuals similarly situated,** (hereinafter "Plaintiff"), by and through his attorneys, **ZABELL & COLLOTTA, P.C.**, complains and alleges as follows:

## I.      PRELIMINARY STATEMENT

1. Plaintiff brings this action on behalf of himself and all similarly situated employees and/or former employees seeking monetary damages, declaratory relief, and affirmative relief based upon Defendant's violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*; New York Labor Law ("NYLL"), N.Y. Lab. Law § 190, *et seq.*; New York State Department of Labor Regulations ("NYDOL Regs"), N.Y.C.R.R. § 142-2, common law, and other appropriate rules, regulations, statutes and ordinances.

2. Plaintiff alleges pursuant to the FLSA and NYLL, that he is entitled to recovery for himself, and on behalf of all similarly situated employees, from Defendant for: (1) statutory minimum wage for all hours worked up to the first forty (40) hours per week; (2) an overtime premium for all hours worked in excess of forty (40)

hours per week; (3) the difference between minimum wage and the wage set in accordance with the agreed upon terms of employment for Plaintiff, and those individuals similarly situated, for all hours worked up to the first forty (40) hours per week; (4) interest on all compensation Defendant withheld; (5) an award of $5,000.00, the maximum penalty for violations of NYLL § 195(3); (6) liquidated damages; and (7) attorneys' fees and costs.

3. Plaintiff further alleges pursuant to NYLL that he alone is entitled to recovery for himself, from Defendant for: (1) accrued but unused vacation time; i.e. wage supplements, required to be paid upon separation; (2) interest on all compensation Defendant withheld; (3) an award of $5,000.00, the maximum penalty for violations of NYLL § 195(1); (4) liquidated damages; and (5) attorneys' fees and costs.

## II. JURISDICTION AND VENUE

4. This Court maintains jurisdiction over the claims presented herein pursuant to 29 U.S.C. 216(b) and 28 U.S.C. §§ 1331.

5. This Court maintains jurisdiction over all state law claims brought in this action pursuant to 28 U.S.C. § 1367 and other appropriate rules, regulations, statutes and ordinances.

6. This action properly lies in the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. § 1391, because the conduct alleged herein occurred within the State of New York, County of Suffolk.

7.  This Court has the power to issue declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

### III.   PARTIES

8.  Plaintiff, **DAVID FRANCO** ("Plaintiff"), was at all times relevant herein, a domiciliary of the State of New York, presently residing in Sayville, New York.

9.  At all times relevant to the Complaint, Plaintiff was an "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e) and New York Labor Law § 190(2).

10. At all times relevant to the Complaint, those individuals similarly situated to Plaintiff, were each an "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e) and New York Labor Law § 190(2).

11. Upon information and belief, Defendant **BRUNSWICK HOSPITAL CENTER, INC.** ("Defendant" or "Hospital") is a domestic business corporation located at 81 Louden Avenue, Amityville, New York 11701.

12. Defendant **BRUNSWICK HOSPITAL CENTER, INC.** operates an in-patient psychiatric facility.

13. At all times relevant to the Complaint, Defendant acted as an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d) and New York Labor Law § 190(3).

14. Upon information and belief, at all times relevant herein, Defendant has engaged in the operation of a hospital and institution primarily engaged in the care of the sick and/or mentally ill individuals who reside on the premises consistent with its operation of an in-patient psychiatric facility.

15. Upon information and belief, at all times relevant herein, Defendant was an

"enterprise" within the meaning of 29 U.S.C. §§ 203(r)(1) and (r)(2), and was an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1)(B) in connection with its operation of an in-patient psychiatric facility.

16. Upon information and belief, at all times relevant to the Complaint, Defendant employed employees, including Plaintiff, and those individuals similarly situated, who regularly were and are presently engaged in commerce in connection with its operation of an in-patient psychiatric facility.

## IV.    FACTS

17. Plaintiff repeats and re-alleges each and every allegation contained herein.

18. Plaintiff was hired by Defendant in or around March 19, 2018 as a "social worker".

19. Plaintiff was employed in this capacity until in or around July 2019.

20. As a social worker, Plaintiff was a "non-exempt", overtime eligible employee.

21. From March 2018 through in or about July 2019, Plaintiff was scheduled to work Monday through Friday, 8:30 a.m. – 4:30 p.m.

22. Plaintiff was responsible for punching in upon arrival and punching out upon departure using an electronic time and attendance program maintained by Defendant.

23. During this time, Plaintiff rarely, if ever, took his allotted lunch break.  Even though Plaintiff did not take a lunch break, Defendant automatically punched Plaintiff out and back in during his designated meal period, creating an inaccurate record regarding time actually worked by Plaintiff.

24. Accordingly, although Plaintiff worked no fewer than forty (40) hours per week during this period, he was only compensated for 37.5 hours each week at his regular rate of pay: $29.67 – $30.17.

25. Plaintiff was not paid in accordance with the statutory minimum wage for all hours worked up to the first forty (40) hours per week in violation of the FLSA and NYLL.

26. Moreover, Plaintiff was not paid the wages earned in accordance with the agreed upon terms of employment for all hours worked up to the first forty (40) hours per week in violation of NYLL.

27. Additionally, while working as a social worker, Plaintiff often worked hours beyond his scheduled shift, in excess of forty (40) hours.

28. Although Plaintiff punched in upon arrival and punched out upon departure, as required by Defendant, and actually worked hours in excess of forty (40), Plaintiff discovered that periodically his punch in and/or punch out times had been overridden and changed by Defendant.

29. By unlawfully changing Plaintiff's arrival and/or departure time to reduce the record of time worked by Plaintiff, Defendant deprived Plaintiff of overtime compensation due and owing.

30. Therefore, Defendant failed to compensate Plaintiff at a rate of one and a half (1.5) times his hourly rate for all hours worked in excess of forty (40) per week.

31. At all times relevant herein, Plaintiff performed the essential functions of his position as a social worker in a satisfactory manner and satisfied all conditions

precedent to payment in accordance with the established terms and conditions of his employment.

32. Defendant willfully disregarded and purposely evaded record keeping requirements of the FLSA and the NYLL by failing to maintain accurate time and attendance sheets and payroll records.

33. In or about July 2019 Plaintiff was transferred to a new position at the Hospital, as a non-Union, exempt UR Case Manager, where he remained until his voluntary separation from Defendant in October 2019.

34. This transfer resulted in a pay decrease for Plaintiff.

35. Defendant failed to provide Plaintiff with written notice of his changed wage rate upon the start of his tenure in the new position in accordance with the New York State Wage Theft Prevention Act, NYLL § 195.

36. Moreover, while Defendant provided employee access to wage statements through application software, upon Plaintiff's separation, Defendant revoked Plaintiff's access and failed to provide a wage statement for each pay period consistent with the requirements of NYLL § 195(3).

37. During Plaintiff's employment he earned vacation days in accordance with the Hospital's vacation policy as set forth in the Employee Handbook, and maintained accrued, but unused vacation time upon his separation from the Hospital.

38. In accordance with the Hospital's resignation policy, employees are paid their unused vacation upon resignation if they provide the Hospital with written advance notice, for a  period at least equal to the employee's annual vacation

allowance and work throughout the notice period.

39. Plaintiff's annual vacation allowance as a UR Case Manager was two (2) weeks.

40. Accordingly, Plaintiff provided two (2) weeks' written advance notice of his resignation.

41. Upon receipt of Plaintiff's notice of resignation, with no basis, Plaintiff's supervisor threatened that if he did not lengthen his notice period, she would withhold his vacation payout.

42. Plaintiff's notice period remained at the required two (2) weeks and he worked throughout the notice period. Therefore, Plaintiff qualified for payment of his accrued but unused vacation time upon his separation.

43. Plaintiff's supervisor made good on her threat, and Defendant failed to pay Plaintiff for his accrued but unused vacation time in violation of NYLL.

## V.  COLLECTIVE ACTION ALLEGATIONS

44. Plaintiff repeats and re-alleges each and every allegation contained herein.

45. This action is properly maintainable as a collective action pursuant to 29 U.S.C. § 216(b).

46. This action is brought on behalf of Plaintiff and a class consisting of similarly situated employees all of whom work or have worked for Defendant.

47. At all relevant times, Plaintiff and other FLSA collective action Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, are and have been subject to Defendant's decisions, policies, plans and common policies, programs, practices, procedures, protocols, routines, and

rules willfully failing: (1) to pay statutory minimum wage for all hours worked up to the first forty (40) hours per week; and (2) to pay an overtime premium for all hours worked in excess of forty (40) hours per week.

48. Upon information and belief, there exist current and former employees who are similarly situated to Plaintiff, all of whom have been underpaid in violation of the FLSA. The named Plaintiff is representative of those other workers and is acting on behalf of Defendant's current and former employees' interests as well as his own interests in bringing this action.

49. Plaintiff seeks to proceed as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and all similarly situated persons who work or have worked for Defendant at any time during the six (6) years prior to the filing of their respective consent forms.

50. Plaintiff and potential Plaintiffs who elect to opt-in as part of the collective action are all victims of Defendant's common policy and/or plan to violate the FLSA by failing to provide minimum wage for all hours worked up to the first forty (40) per week pursuant to 29 U.S.C. § 206, and failing to provide overtime wages, at the rate of one and one-half (1.5) times the regular rate of pay, for all time worked in excess of 40 hours in any given week pursuant to 29 U.S.C. § 207.

51. The Collective Action Members are similarly situated to Plaintiff in that they were each employed by Defendant as non-exempt employees and were systematically denied minimum wage for hours worked up to the first forty (40) hours, and denied overtime premium pay for hours worked beyond forty (40) in each workweek.

52. The exact number of such individuals in presently unknown, but is known by Defendant and can (and will) be ascertained in the course of discovery.

## VI.   FEDERAL RULE OF CIVIL PROCEDURE RULE 23
## CLASS ACTION ALLEGATIONS

53. Plaintiff repeats and re-alleges each and every allegation contained herein.

54. Plaintiff also brings his NYLL claims on behalf of himself and a class of persons under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23 Class") comprised of all persons who work or have worked for Defendant in the State of New York at any time from the six (6) years prior to the filing of this Complaint to the entry of judgment in this case.

55. The persons in the Rule 23 Class are so numerous that joinder of all members is otherwise impracticable.

56. The persons in the Rule 23 Class are readily ascertainable.  The names and addresses of such persons are readily available from Defendant for purposes of notice and any other purpose related to this action.

57. Defendant has acted or refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

58. The questions of law and fact common to the Rule 23 Class that predominate over any questions solely affecting individual members of the Rule 23 Class include, but are not limited to:

    a) Whether Defendant unlawfully failed to properly compensate Plaintiff and the Rule 23 Class in violation of and within the meaning of New

York Labor Law Article 6, §190, et seq. and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142;

b) Whether Plaintiff and the Rule 23 Class are "non-exempt" from entitlement to overtime compensation for all hours worked in excess of forty (40) hours per week;

c) What policies, practices and procedures Defendant implemented regarding payment of minimum wage;

d) What policies, practices and procedures Defendant implemented regarding payment of wages earned in accordance with the agreed terms of employment;

e) What policies, practices and procedures Defendant implemented regarding payment of overtime compensation;

f) Whether Defendant failed to pay Plaintiff and the Rule 23 Class minimum wage for all hours worked up to the first forty (40) hours per week within the meaning of NYLL Article 19 § 650, et seq. and the supporting NYDOL Regs., 12 N.Y.C.R.R. Part 142.

g) Whether Defendant failed to pay Plaintiff and the Rule 23 Class wages in accordance with the agreed upon terms of employment for all hours worked at least semi-monthly on regular pay days within the meaning of NYLL Article 6 § 191 (1)(d).

h) Whether Defendant failed to pay Plaintiff and the Rule 23 Class overtime compensation for all hours worked in excess of forty (40) hours

per week within the meaning of the NYLL Article 19 § 650, et seq. and the supporting NYDOL Regs., 12 N.Y.C.R.R. Part 142;

   i) The nature and extent of the Rule 23 Class-wide injury and the appropriate measure of damages for the Class; and

   j) Whether Defendant's failure to pay Plaintiff and the Rule 23 Class minimum wage for all hours worked up to the first forty (40) hours per week, difference between minimum wage and the agreed upon wage for all hours worked up to the first forty (40) hours per week, and overtime compensation for all hours worked in excess of forty (40) hours per week was done willfully or with reckless disregard for the applicable federal and state wage and hours laws.

59. Plaintiff's claims are typical of the claims of the Rule 23 Class he seeks to represent. Plaintiff and the Rule 23 Class work, or have worked, for Defendant in non-exempt positions and have not been paid minimum wage for all hours worked, the difference between minimum wage and their wage set in accordance with the agreed upon terms of employment for all hours worked and have not been paid overtime compensation. Defendant has acted and has refused to act on grounds generally applicable to the Rule 23 Class, thereby making declaratory relief with respect to the Rule 23 Class appropriate.

60. Plaintiff's claims are typical of those claims, which could be alleged by any member of the Rule 23 Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All Class

members were subject to the same corporate practices of Defendant, as alleged herein, of failure to pay minimum wage, failure to pay the agreed upon wage, and failure to pay overtime compensation.

61. Plaintiff will fairly and adequately represent and protect the interests of the Rule 23 Class.

62. Plaintiff has retained counsel competent and experienced in both complex class actions and in labor and employment litigation.

63. A class action is superior to other available methods for the fair and efficient adjudication of this litigation, particularly in the context of a wage and hour litigation like the present action, where an individual Plaintiff may lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate Defendant.  Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the necessary duplication of efforts and expense that numerous individual actions beget.  The adjudication of individual claims would result in a great expenditure of Court and public resources; conversely, treating the claims would result in significant costs savings.  The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendant's policies, practices and procedures.  Although the relative damages suffered by the individual members of the Rule 23 Class are not *de minimus*, such damages are small compared to the expense and burden of individual prosecution of this litigation.  In addition, class treatment is superior

because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

64. Current employees are often hesitant to assert their rights out of fear of direct or indirect retaliation. Former employees are reluctant to bring claims because doing so can harm their present and future employment and further efforts to obtain employment. Class actions provide class members who are not named in the Complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing risks.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### (Failure to Pay Minimum Wage – FLSA Violation)

65. Plaintiff repeats and re-alleges each and every allegation contained herein.

66. Defendant failed to compensate Plaintiff, and those individuals similarly situated, at the applicable minimum wage for all hours worked up to the first forty (40) hours per week during their tenure with Defendant.

67. Pursuant to 29 U.S.C. § 206, "[e]very employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce or is employed in an enterprise engaged in commerce or in the production of goods for commerce" at least the statutory minimum wage.

68. Plaintiff, and, upon information and belief, those individuals similarly situated, did not receive the statutory minimum wage for all hours worked.

69. Consequently, by failing to pay the statutory minimum wage, Defendant violated the governing provisions of the FLSA.

70. Upon information and belief, Defendant's failure to pay minimum wage was willful.

71. Thus, Defendant is liable to Plaintiff, and those similarly situated, in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs.

72. Upon information and belief, the records concerning the number of hours worked by Plaintiff, and those similarly situated, as well as the compensation they received in each workweek are either inaccurate, not maintained or in the exclusive custody and control of Defendant.

**SECOND CLAIM FOR RELIEF**
**(Failure to Pay Minimum Wage – NYLL Violation)**

73. Plaintiff repeats and re-alleges each and every allegation contained herein.

74. Defendant failed to compensate Plaintiff, and those individuals similarly situated, at the applicable minimum wage rate of pay during their tenure with Defendant.

75. 12 NYCRR § 142-2.1 requires that "[t]he minimum wage shall be paid for the time an employee is permitted to work, or is required to be available for work at a place prescribed by the employer."

76. NYLL Article 19 § 663, provides that "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorneys' fees."

77. Plaintiff, and, upon information and belief, those individuals similarly situated, did not receive the statutory minimum wage for all hours worked.

78. Consequently, by failing to pay the statutory minimum wage, Defendant violated the New York Labor Law § 190 *et seq.*

79. Upon information and belief, Defendant's failure to pay minimum wage was willful.

80. Thus, Defendant is liable to Plaintiff, and those individually similarly situated, in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs.

81. Upon information and belief, the records concerning the number of hours worked by Plaintiff, and those similarly situated, as well as the compensation they received in each workweek are either inaccurate, not maintained or in the exclusive custody and control of Defendant.

### THIRD CLAIM FOR RELIEF
#### (Failure to Pay Overtime – FLSA Violation)

82. Plaintiff repeats and re-alleges each and every allegation contained herein.

83. Pursuant to 29 U.S.C. § 207: "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty (40) hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

84. Plaintiff, and, upon information and belief, those individuals similarly situated,

regularly worked for Defendant in excess of forty (40) hours per week.

85. Defendant altered Plaintiff's time and attendance records, and, upon information and belief, the time and attendance records of those individuals similarly situated, to deprive them of an overtime premium for time worked in excess of forty (40) hours per week.

86. Plaintiff, and, upon information and belief, those individuals similarly situated, did not receive overtime compensation at the rate of one and one-half (1.5) times their regular rate of pay for all hours worked in excess of forty (40) hours in certain weeks in which they worked more than forty (40) hours.

87. Consequently, by failing to pay overtime compensation, Defendant violated the governing provisions of the FLSA.

88. Upon information and belief, Defendant's failure to pay overtime compensation was willful.

89. Thus, Defendant is liable to Plaintiff, and those individuals similarly situated, in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs.

### FOURTH CLAIM FOR RELIEF
#### (Failure to Pay Overtime – New York Labor Law Violation)

90. Plaintiff repeats and re-alleges each and every allegation contained herein.

91. 12 NYCRR §142-2.2 requires that "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate."

92. NYLL Article 19 § 663, provides that "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he

may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorneys' fees."

93. Plaintiff, and, upon information and belief, those individuals similarly situated, regularly worked for Defendant in excess of forty (40) hours per week.

94. Defendant altered Plaintiff's time and attendance records, and, upon information and belief, the time and attendance records of those individuals similarly situated, to deprive them of an overtime premium for time worked in excess of forty (40) hours per week.

95. Plaintiff, and, upon information and belief, those individuals similarly situated, did not receive overtime compensation at a rate of one and one-half (1.5) times their regular rate of pay for all hours worked in excess of forty (40) hours in certain weeks in which they worked more than forty (40) hours.

96. Consequently, by failing to pay overtime compensation, Defendant violated NYLL Article 19 § 663 and 12 NYCRR § 142-2.2.

97. Upon information and belief, Defendant's failure to pay overtime compensation was willful.

98. Thus, Defendant violated NYLL Article 19 § 663 and 12 NYCRR § 142-2.2 and is liable to Plaintiff, and those individuals similarly situated, in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

### FIFTH CLAIM FOR RELIEF
### (Failure to pay earned wages on regular paydays – NYLL)

99. Plaintiff repeats and re-alleges each and every allegation contained herein.

100. Defendant failed to compensate Plaintiff, and those individuals similarly situated, wages in accordance with their agreed upon terms of employment for all hours up to the first forty (40) hours at least semi-monthly on regular pay days.

101. NYLL Article 6 § 191(1)(d), provides that "[a] clerical or other worker shall be paid the wages earned in accordance with the agreed terms of employment, but not less frequently than semi-monthly, on regular pay days designated in advance by the employer."

102. During their tenure with Defendants, Plaintiff, and upon information and belief, those individuals similarly situated, rarely, if ever, took their allotted lunch break. Even though no lunch break was taken, Defendant automatically punched Plaintiff, and upon information and belief those individuals similarly situated, out and back in during their designated meal period, creating an inaccurate record regarding time actually worked.

103. Although Plaintiff, and upon information and belief, those individuals similarly situated, worked no fewer than forty (40) hours per week during this period, Plaintiff, and upon information and belief, those individuals similarly situated, were only compensated for 37.5 hours each week at their regular rate of pay.

104. Accordingly, Plaintiff, and, upon information and belief, those individuals similarly situated, did not receive wages in accordance with their agreed upon terms of employment for all hours worked up to the first forty (40) hours per week.

105. Consequently, by failing to pay wages earned in accordance with the agreed upon terms of employment at least semi-monthly on regular paydays, Defendant violated the New York Labor Law § 190 *et seq.*

106. Upon information and belief, Defendant's failure to pay the wages earned in accordance with the agreed upon terms of employment was willful.

107. Thus, Defendant is liable to Plaintiff, and those individually similarly situated, in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs.

108. Upon information and belief, the records concerning the number of hours worked by Plaintiff, and those similarly situated, as well as the compensation they received in each workweek are either inaccurate, not maintained or in the exclusive custody and control of Defendant.

## SIXTH CLAIM FOR RELIEF
### (Failure to pay wage supplements - NYLL)

109. Plaintiff repeats and re-alleges each and every allegation contained herein.

110. New York Labor Law § 190 (1) provides, part, "[t]he term 'wages' also includes benefits or wage supplements as defined in section one hundred ninety-eight-c of this article, expect for the purposes of sections one hundred ninety-one and one hundred ninety-two of this article."

111. New York Labor Law § 198-c (2) provides, "[a]s used in this section, the term 'benefits or wage supplements' includes…vacation, separation or holiday pay."

112. Moreover, New York Labor Law § 191 (1) and (3) together require that "[i]f employment is terminated, the employer shall pay the wages not later than the

regular pay day for the pay period during which the termination occurred, as established in accordance with the provisions of this section.  If requested by the employee, such pages shall be paid by mail."

113. During Plaintiff's employment Plaintiff earned vacation time, and maintained accrued, but unused vacation time upon his separation.

114. In accordance with Hospital policy, Plaintiff was entitled to payment of unused vacation upon certain conditions, namely, providing written advance notice of his resignation and working during his notice period.  Plaintiff complied with these requirements.

115. However, upon separation, Defendant did not pay Plaintiff these wage supplements in violation of NYLL.

116. Upon information and belief, Defendant's failure to pay wage supplements was willful.

117. Thus, Defendant violated NYLL § 191 and is liable to Plaintiff in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

### SEVENTH CLAIM FOR RELIEF
**(Failure to Provide Wage Notice - New York Wage Theft Prevention Act Violation)**

118. Plaintiff repeats and re-alleges each and every allegation contained herein.

119. The New York Wage Theft Prevention Act requires employers, upon hire, to "notify his or her employees, in writing, at the time of hiring of the rate of pay and of the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article, and obtain a written acknowledgement from each employee of receipt of this notice. Such acknowledgement shall conform to

any requirements established by the commissioner with regard to content and form."

120. Defendant did not provide Plaintiff with a wage notice upon the start of his tenure in a new position at the Hospital which resulted in a pay decrease, as required by NYLL § 195.

121. Plaintiff did not sign an acknowledgment confirming receipt of said notice, as required by NYLL § 195.

122. For the foregoing reasons, Defendant violated NYLL § 195 and is subject to the maximum penalty for violations NYLL § 195.

## EIGHTH CLAIM FOR RELIEF
### (Failure to Provide Wage Statements – New York Labor Law Violation)

123. Plaintiff repeats and re-alleges each and every allegation contained herein.

124. NYLL § 195(3) and 661 requires employers to provide employees with a statement with every payment of wages.

125. NYLL §§ 195(3) requires the wage statement to include: (1) the regular hourly rate or rates of pay; (2) the overtime rate or rates of pay; (3) the number of regular hours worked; and (4) the number of overtime hours worked.

126. Upon information and belief, Defendant failed to provide Plaintiff, and upon information and belief, those individuals similarly situated, with wage statements with every payment of wages. Namely, upon separation, Plaintiff, and upon information and belief, those individuals similarly situated, received additional payment of wages and were not provided with a wage statement with each payment.

127.  Thus, Defendant violated NYLL § 195(3) and is subject to the maximum penalty for violations under NYLL § 195.

## V.    DEMAND FOR JURY TRIAL

128.  Plaintiff repeats and re-alleges each and every allegation contained herein.

129.  Plaintiff hereby demands a trial by jury.

**WHEREFORE**, as a result of the unlawful conduct and actions of the Defendant herein, Plaintiff, and those individuals similarly situated, respectfully request this Court grant the following relief:

a)  On the First, Second, Third, Fourth, and Fifth Claims for Relief, an award of actual damages to Plaintiff, and those individuals similarly situated, in an amount to be determined at trial plus interest;

b)  On the Sixth Claim for Relief, an award of Plaintiff's actual damages in an amount to be determined at trial plus interest;

c)  On the Seventh and Eighth Claims for Relief, an award up to the maximum penalty for violations under NYLL § 195;

d)  Order Defendant pay Plaintiff, and those individuals similarly situated, a reasonable sum for expenses pursuant to the NYLL §§ 198; 663;

e)  Declare Defendant violated the FLSA and NYLL;

f)  Enjoin Defendant, its agents, employees, officers, and successors in interest, from engaging in the illegal and unlawful customs, policies, and practices described herein;

g)  An award of liquidated damages where allowed by statute;

h) Defendant be ordered to pay Plaintiff, and those individuals similarly situated, pre and post judgment interest, as applicable;

i) Defendant to pay all costs and disbursements of this action, including Plaintiff's, and those individuals similarly situated, attorneys' fees; and

j) Order such other and further relief as may be just and proper.

Dated: Bohemia, New York
November 24, 2020

ZABELL & COLLOTTA, P.C.
*Attorneys for Plaintiff*

By:    *Diana M. McManus*

Christopher K. Collotta, Esq.
Diana M. McManus, Esq.
1 Corporate Drive, Suite 103
Bohemia, NY 11716
Tel. (631) 589-7242
Fax (631) 563-7475
CCollotta@laborlawsny.com
DMcManus@laborlawsny.com